GEORGE T. FISH, APPELLANT, v. FLETCHER M. THRASHER AND OTHERS, RESPONDENTS.

*When an action must be brought in a court of record, to render an order therein appealable to the General Term — Code of Civ. Procedure, §§ 1340, 1342.*

Under section 1342 of the Code of Civil Procedure, no appeal can be taken to the supreme court, from an order affecting a substantial right, made by a court or judge, unless it was made in an action brought in a court of record.

No appeal lies from an order of the county court, denying a motion for a new trial, where the action was brought in a court not of record, and subsequently came into the county court on appeal from a judgment of the court below.

MOTION to dismiss an appeal from an order of the County Court of Monroe county, denying a motion for a new trial.

*O. H. Stevens,* for the appellant.

*J. W. Stebbins,* for the respondents.

TALCOTT, P. J.:

This action was commenced in the Municipal Court of the City of Rochester, conceded to be not a court of record, and the judgment therein was in the plaintiff's favor. The defendants then appealed to the County Court of Monroe county for a new trial, and on such new trial a verdict was rendered for the defendants. A

motion was then made on the minutes for a new trial in the County Court, which motion was granted. Another trial was then had in the County Court, and a verdict was again rendered for the defendants, and a motion was again made for a new trial in the County Court, which was denied. From the order denying a new trial in the County Court the plaintiff appealed to this court, and the defendants now move to dismiss the appeal, on the ground that the order denying a new trial in the County Court is not appealable to this court.

The order appealed from was entered on the 21st of October, 1878, and, upon the 24th of the same month a judgment was entered for the defendants on the verdict.

The appeal from the order denying a new trial is sought to be maintained under section 1342 of the Code of Civil Procedure, which section is as follows, viz. :

" An appeal may also be taken to the Supreme Court from an order affecting a substantial right made by the court or a judge, *in an action brought in a court specified in the last section but one.*"

The section, 1340, refers to and authorizes appeals to the Supreme Court only from final judgments in courts of record. This action was brought in the " Municipal Court of the City of Rochester," conceded not to be a court of record, and it came into the County Court by an appeal from the judgment of the said Municipal Court, and was not *brought in* the County Court; consequently it is not one of those orders specified in section 1342, from which an appeal lies to this court.

An appeal from an order affecting a substantial right, made by a county court in " *any action or proceeding,*" was given by section 344, of the Code of Procedure. The section 1342 of the Code of Civil Procedure, was, as appears by the note of the codifiers, intended as an amendment of the said section 344 of the Code of Procedure, and this marked change of the language of the section, substituting the words " brought in " in place of the words " in any action or proceeding," must have had some meaning or purpose; probably to make the amended section conform to the holding of the court in the case of *Quinn* v. *Weed* (5 Hun, 350), which was decided in the third department in 1875, and after the amendment

to the Code of Procedure in 1860, by which appeals were given to the Supreme Court from an order affecting a substantial right made by a county court. We think, therefore, the appeal should have been from the judgment, and not from the order denying a new trial, which is not appealable to this court.

Appeal dismissed, with $10 costs.

SMITH and HARDIN, JJ., concurred.

Motion to dismiss appeal granted, with $10 costs.